# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| ALISHA SANDERS, | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| v. | : | CASE NO. 3:16-CV-152-MSH |
| | : | Social Security Appeal |
| NANCY A BERRYHILL, | : | |
| Commissioner of Social Security, | : | |
| Defendant. | : | |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's applications for a period of disability, disability insurance benefits, and Supplemental Security income finding that she is not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards

were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

*Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ADMINISTRATIVE PROCEEDINGS

Plaintiff Alisha Sanders filed applications for a period of disability, disability insurance benefits, and Supplemental Security Income (SSI) on January 11, 2013, alleging that she became disabled on January 1, 1998. Tr. 168-83. Plaintiff's claims were first denied by the agency on May 24, 2013, and upon reconsideration on July 25, 2013. Tr. 112, 121. Plaintiff requested a hearing before an administrative law judge (ALJ) which was held on May 11, 2015, via video conference. Tr. 35-50. At the hearing, Plaintiff appeared with her attorney and testified; as did a neutral vocational expert (VE). Tr. 38, 47. On May 26, 2015, the ALJ issued his decision, finding that Plaintiff was not disabled. Tr. 17-30. Plaintiff requested a review by the Appeals Council, but that request was denied on September 25, 2016. Tr. 1-6. Having exhausted the administrative remedies available to her under the Social Security Act, Plaintiff now seeks judicial review of the Commissioner's final decision denying her various claims to benefits. This case is ripe for review.

## STATEMENT OF FACTS AND EVIDENCE

Plaintiff alleges that the onset of her disability occurred when she was nine years old; she was twenty-seven years old at the time of the ALJ's decision. Tr. 30, 168. Plaintiff finished high school but has not completed any higher education degree programs. Tr. 195.

She has no past relevant work experience. Tr. 47, 195. In her applications, Plaintiff alleges that she is disabled to work due to bipolar disorder, scoliosis, chronic back pain, hip problems, knee problems, anxiety, and depression. Tr. 37, 38, 194, 212, 219.

The ALJ performed the mandated five-step sequential evaluation process to assess the Plaintiff's claims. Tr. 20-30; 20 C.F.R. §§ 404.1520(a), 416.920(c). At step one, the ALJ determined Plaintiff's prior employment "did not rise to the level of substantial gainful activity." Tr. 22, Finding 2. The ALJ based this finding on the fact that, although Plaintiff had prior work experience, her earnings from those positions never exceeded the requisite levels for classification as substantial gainful activity. In his step-two analysis, the ALJ found that Plaintiff has the severe impairments of obesity, bipolar disorder, and generalized anxiety disorder. Tr. 22, Finding 3.

At step three, the ALJ found that Petitioner does not have any impairment, or combination of impairments, that meets or equals the severity of those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 23, Finding 4. Before moving to step four, and after considering all of Plaintiff's symptoms and limitations, the ALJ formulated a residual functional capacity (RFC). Tr. 24. The RFC permits Plaintiff to perform light work, as defined in the regulations, but limits her to unskilled and non-customer service work. Tr. 24, Finding 5.

At step four, the ALJ found that Plaintiff's lack of previous relevant work rendered analysis of transferability of job skills "not an issue." Tr. 29, Finding 9. However, at Plaintiff's hearing before the ALJ the VE testified that there are jobs available to Plaintiff within her RFC that she can do. At step five, the ALJ—citing the VE's testimony—found

that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. 29, Finding 10. These include housekeeper, stock clerk, and food prep worker. *Id*. The ALJ thus found Plaintiff to be not disabled to work. Tr. 30, Finding 11.

## DISCUSSION

Plaintiff argues that her case should be remanded for further consideration. She alleges two specific errors by the ALJ: 1) insufficient consideration of a treating doctor's medical opinion in formulating a mental RFC; and 2) inadequate consideration of the limitations associated with Plaintiff's obesity. Respondent counters that the Plaintiff's first argument is "incomplete" and ignores relevant portions of the record. Respondent also claims Plaintiff's second argument is inadequate, not supported by the record, and misconstrues the responsibilities of the ALJ. Respondent argues that the ALJ's findings were supported by the requisite substantial evidence and should be conclusive.

## I. The ALJ's Consideration of Dr. Grace's Opinion

Plaintiff contends that the ALJ erred by not sufficiently evaluating all medical opinions. Specifically, Plaintiff argues that the ALJ committed reversible error because he "didn't include any limitations in [Plaintiff's] RFC assessment related to attendance or the ability to respond adaptively to stress" which were mentioned by a consultative examiner. Pl.'s Br. 9. Dr. Grace, a consultative psychological examiner, assessed Plaintiff on April 22, 2013. In his summary report, Dr. Grace stated that "[Plaintiff's] ability to be able to maintain regular attendance is considered impaired given reported anxiety while working." Tr. 335. He also wrote that "[Plaintiff's] ability to respond adaptively would likely be questionable given her poor coping skills." *Id*. The ALJ afforded great weight to the

opinion evidence, including Dr. Grace's evaluation, and found it "generally consistent with the medical evidence of record and the evidence as a whole." Tr. 28. When considered in conjunction with other medical evidence, the ALJ found that Dr. Grace's opinion did not suggest any greater limitation than that found in the RFC. *Id*. The ALJ also determined that the evidence as a whole did not "confirm disabling pain or limitations arising from the claimant's underlying medical conditions" or support "a conclusion that the objectively determined medical conditions are of such severity that they could reasonably be expected to give rise to disabling pain and other limitations." *Id.*

The ALJ's decision to not explicitly analyze each of Dr. Grace's determinations is not cause for remand. The ALJ properly considered the consultative examiner's opinion, both individually and as part of the whole record. An ALJ is not required to address each and every piece of evidence in his written decision. *Newberry v. Comm'r of Soc. Sec. Admin.*, 572 F. App'x 671, 672 (11th Cir. 2014). The ALJ properly considered Dr. Grace's opinion and its substance along with the other evidence of the record. Therefore, Plaintiff's first contention of error is without merit.

## II. The ALJ's Consideration of Plaintiff's Obesity

Plaintiff's second contention of error is that the ALJ did not sufficiently consider Plaintiff's obesity in his decision. Specifically, Plaintiff claims that the ALJ erred in not explicitly describing how obesity limits her activity or how it was incorporated into Plaintiff's RFC. Plaintiff cites two prior cases from this court's jurisdiction as support for her contention that the ALJ made "a legal error by not specifying what limitations the claimant had because of her obesity." Pl.'s Br. 14; *see Thomas v. Barnhart*, 2008 WL

7

822514, at *2-3 (M.D. Ga. 2008); see also *Taylor v. Astrue,* 2010 WL 2197279, at *5 (M.D. Ga. 2010). In his written decision, the ALJ considered Plaintiff's obesity at multiple stages of the five-step analysis. The ALJ listed obesity as one of Plaintiff's severe impairments, and expressly considered obesity in formulating Plaintiff's RFC. Tr. 22, 25.

An ALJ cannot "make assumptions about the severity or functional effects of obesity combined with other impairments." Titles II & XVI: Evaluation of Obesity, SSR 02-1P (S.S.A. Sept. 12, 2002). When an ALJ determines that a plaintiff's severe impairments include obesity, she is not required to find specific functional limitations result from the obesity. *Castel v. Comm'r of Soc. Sec.*, 355 F. App'x 260, 264 (11th Cir. 2009). The ALJ acted properly if she considered obesity in conjunction with the other record evidence. *Id.* at 264 n. 7 (finding the ALJ's mention of plaintiff's height and weight sufficient in tandem with a finding that obesity was a severe impairment but did not limit Plaintiff beyond a limitation to certain light work). Here, the ALJ found obesity to be one of Plaintiff's severe impairments, but found that the evidence as a whole did not support a finding that Plaintiff was limited further than to performing certain light work. Tr. 24. The record shows that the ALJ considered Plaintiff's obesity in making this finding and that the finding was supported by substantial evidence. Tr. 25, 26. Therefore, Plaintiff's second claim is also without merit.

## CONCLUSION

For the reasons stated above, the determination of the Social Security Commissioner is affirmed.

SO ORDERED, this 9th day of November, 2017.

/s/ Stephen Hyles<br>
UNITED STATES MAGISTRATE JUDGE